```
                              UNITED STATES DISTRICT COURT
                                DISTRICT OF CONNECTICUT

------------------------------x
                              :
CONNECTICUT MUNICIPAL         :   Civ. No. 3:19CV00839(SALM)
ELECTRIC ENERGY COOPERATIVE   :
                              :
v.                            :
                              :
NATIONAL UNION FIRE INSURANCE :   August 29, 2022
COMPANY OF PITTSBURGH, PA     :
                              :
------------------------------x
```

### RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Doc. #188]

Plaintiff Connecticut Municipal Electric Energy Cooperative ("CMEEC" or "plaintiff") has filed a motion "for a preliminary injunction as to Count Four of CMEEC's Amended Complaint, enjoining Defendant National Union Fire Insurance Company of Pittsburgh, PA ('National Union') from dishonoring its obligation to advance payment of defense fees as required by this Court's entry of partial judgment in CMEEC's favor[.]" Doc. #188 at 1. Defendant has filed a memorandum in opposition, see Doc. #229, to which plaintiff has filed a reply. See Doc. #234. For the reasons stated herein, plaintiff's Motion for Preliminary Injunction [**Doc. #188**] is **DENIED**.

### I. Background

Familiarity with the facts of this case, as recited in the Court's Ruling on plaintiff's Motion for Certification of Partial Final Judgment, see Doc. #241, is assumed. Only the

procedural background necessary to the resolution of this Motion is recited here.

CMEEC brought this action against National Union on May 31, 2019, seeking declaratory relief and damages arising out of National Union's allegedly improper denial of coverage under a "Not-for-Profit Risk Protector insurance policy" that National Union issued to CMEEC (the "Policy"). Doc. #1 at 2. CMEEC's original Complaint set forth claims for breach of contract and declaratory relief; bad faith denial of coverage; and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). See Doc. #1.

Defendant filed a motion to dismiss CMEEC's bad faith and CUTPA claims on August 15, 2019. See Doc. #17 at 1. The Court granted defendant's motion on January 17, 2020. See Doc. #31.

Plaintiff filed an Amended Complaint on February 7, 2020. See Doc. #32. Defendant moved to dismiss Count Three, which reasserted plaintiff's bad faith claim, see Doc. #33, and that motion was granted on July 15, 2020. See Doc. #57 at 10.

Consequently, the operative complaint is the Amended Complaint, without Count Three. See Doc. #32. Count One sets forth a claim for breach of contract, alleging that "[t]he defendant breached its obligations under the Policy by denying CMEEC's request for indemnification and advancement of the legal fees and costs incurred in responding to the federal grand jury

subpoenas." Id. at 5. Count Two asserts a claim for breach of contract on the ground that "the defendant has refused to indemnify its insureds under the Policy for the legal fees and costs incurred in connection with the defense of the criminal proceedings and is in breach of its obligations under the Policy." Id. at 7. Count Four seeks a declaration that defendant is obligated to pay for the "loss arising from the indictments, including but not limited to legal fees and costs in connection with the defense of the criminal proceedings." Id. at 10. Count Five sets forth a breach of contract claim based on defendant's refusal "to reimburse or advance legal costs to CMEEC for the defense of the [Pryor] Action." Id. at 11. Finally, Count Six seeks a declaration that CMEEC is entitled to "Future Advancement of Legal Fees for Edward Pryor Civil Action[.]" Id. at 12.

On October 28, 2020, CMEEC filed a Motion for Partial Summary Judgment as to liability on its remaining claims. See Doc. #61. National Union moved for "summary judgment against the remaining causes of action in the Complaint[.]" Doc. #78 at 1.

This matter was transferred to Judge Janet Bond Arterton on June 14, 2021. See Doc. #127.

On September 14, 2021, Judge Arterton "grant[ed] in part and den[ied] in part" the parties' motions for summary judgment. Doc. #148 at 1-2. Specifically, the Court "grant[ed] National

Union's Motion for Summary Judgment and denie[d] CMEEC's Motion for Partial Summary Judgment on the issue of whether the losses relating to the 2016 and 2017 Subpoenas are covered by the Policy." Id. at 22. As to plaintiff's claims relating to the Pryor Action and defendant's alleged duty to advance defense costs, the Court held that CMEEC's

> request that the Court "reject National Union's resort to Endorsement 8 [the Commissions Exclusion] as a matter of law," is granted. The Court is not "enter[ing] a judgment of liability on CMEEC's claim for breach of contract," as the Court has determined that the duty to defend is inapplicable, and CMEEC must now demonstrate at trial that its Claims are covered under the Policy.

Id. at 27.

On September 21, 2021, CMEEC moved for reconsideration of the Court's denial of its motion for summary judgment as to Counts Two, Four, Five, and Six, asserting that the Court committed "clear error" by overlooking "controlling decisions and data" that compelled summary judgment in CMEEC's favor. Doc. #150 at 1.

The Court granted CMEEC's motion for reconsideration on October 29, 2021, holding that CMEEC was entitled to summary judgment as to liability on: (a) Count Two, which asserts a claim for breach of contract based upon defendant's failure to advance defense costs in connection with the indictments of CMEEC's directors and officers; (b) Count Four, which seeks a declaratory judgment directing defendant to advance future

~ 4 ~

defense costs in connection with the indictments of CMEEC's directors and officers; (c) Count Five, which asserts a claim for breach of contract based upon defendant's denial of coverage in connection with the Pryor Action; and (d) Count Six, which seeks a declaratory judgment directing defendant to indemnify or advance to CMEEC the legal fees, costs, and expenses resulting from the defense of the Pryor Action. See Doc. #156 at 9-10.

This matter was transferred to the undersigned on November 1, 2021. See Doc. #157.

On November 12, 2021, CMEEC filed an "Emergency Motion for Certification of Partial Final Judgment" as to Count Four of its Amended Complaint. See Doc. #162 at 1.

On July 12, 2022, the Court entered an Order denying CMEEC's motion for the entry of partial judgment as to Count Four. The Court held:

> Plaintiff has ... failed to establish that it would face an unusual "danger of hardship or injustice[,]" Advanced Magnetics, Inc., 106 F.3d at 16 (citation and quotation marks omitted), if partial judgment is not entered as to Count Four. Furthermore, given the overlapping factual allegations in this case, and in light of the federal policy against piecemeal appeals, the interests of sound judicial administration and efficiency would not be served by the entry of partial final judgment. Accordingly, plaintiff's Motion for Certification of Partial Final Judgment [**Doc. #162**] is hereby **DENIED**.

Doc. #241 at 19.

On March 4, 2022, before the Court issued a ruling on CMEEC's Motion for Certification of Partial Final Judgment,

~ 5 ~

CMEEC filed the instant Motion for Preliminary Injunction, asking this Court to "enjoin[] Defendant National Union Fire Insurance Company of Pittsburgh, PA ('National Union') from dishonoring its obligation to advance payment of defense fees as required by this Court's entry of partial summary judgment in CMEEC's favor on October 29, 2021[.]" Doc. #188 at 1.

## II. Legal Standard

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citation and quotation marks omitted).

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation and quotation marks omitted). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (citation and quotation marks omitted). "[T]he moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." Reuters Ltd. v.

Utd. Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, i.e., the situation that existed between the parties immediately prior to the events that precipitated the dispute." Asa v. Pictometry Intern. Corp., 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); see also Transamerica Rental Finance Corp. v. Rental Experts, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the status quo between two parties.").

"Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc., 883 F.3d 32, 37 (2d Cir. 2018) (quoting N.Y. Civil Liberties Union v. N.Y.C. Transit Auth., 684 F.3d 286, 294 (2d Cir. 2012)). A party seeking a mandatory preliminary injunction must meet an even higher standard of irreparable harm, showing that "extreme or very serious damage will result from the denial of preliminary relief." Cacchillo v. Insmed, Inc., 638 F.3d 401, 406 (2d Cir. 2011) (citation and quotation marks omitted); see also Tom Doherty Assocs., Inc. v. Saban Ent., Inc., 60 F.3d 27, 34 (2d Cir. 1995) (A party seeking a mandatory injunction must make a "clear or substantial showing" of likelihood of success

on the merits of his or her claim. (citation and quotation marks omitted)).

The parties contest whether an injunction in this case would be mandatory or prohibitory. Compare Doc. #183-1 at 14 with Doc. #229 at 10 n.3. The Court is inclined to view plaintiff's request as invoking mandatory relief; however, the Court agrees with defendant that "since CMEEC cannot even satisfy the lower 'prohibitory injunction' standard, application of the higher standard is not required." Doc. #229 at 10 n.3. Accordingly, the Court applies the lower prohibitory injunction standard to plaintiff's motion.

### III. Discussion

The parties dispute whether plaintiff has met any of the elements for the entry of preliminary injunctive relief. Plaintiff asserts that it is entitled to a preliminary injunction because: (1) "CMEEC is highly likely to succeed on the merits because National Union's excuses for failing to advance Defense Costs after the Court declared National Union's obligation to do so fail as a matter of law[,]" Doc. #183-1 at 15; (2) "CMEEC is suffering and is likely to suffer irreparable harm in the absence of the preliminary injunction[,]" id. at 22; and (3) "The balance of equities tips in CMEEC's favor, and an injunction is in the public interest." Id. at 24.

In response, defendant argues: (1) "CMEEC Cannot Show

Irreparable Harm[,]" Doc. #229 at 11; (2) "CMEEC Cannot Show a Likelihood of Success on the Merits[,]" id. at 18; and (3) "Neither the Balance of Hardships Nor the Public Interest Weigh in Favor of an Injunction[.]" Id. at 25.

Because the Court finds that plaintiff has failed to establish that it is likely to suffer irreparable harm in the absence of an injunction, it does not reach plaintiff's likelihood of success on the merits, the balance of hardships, or whether the issuance of an injunction is in the public interest. See Monowise Ltd. Corp. v. Ozy Media, Inc., No. 17CV08028(JMF), 2018 WL 2089342, at *1 (S.D.N.Y. May 3, 2018) ("[I]f a party fails to show irreparable harm, a court need not even address the remaining elements of the test.").

> To establish irreparable harm, a party seeking preliminary injunctive relief must show that "there is a continuing harm which cannot be adequately redressed by final relief on the merits" and for which "money damages cannot provide adequate compensation." N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir. 1975). And, irreparable harm must be shown to be actual and imminent, not remote or speculative. See, e.g., Rodriguez, 175 F.3d at 234; Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir.1989).

Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002). Plaintiff has not met either requirement here.

### A. Money Damages Provide Adequate Compensation for Plaintiff's Claimed Injuries

As an initial matter, monetary damages provide adequate compensation for plaintiff's harm. "Where there is an adequate

remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." Faiveley Transp. Malmo AB, 559 F.3d at 118 (citation and quotation marks omitted). Plaintiff does not assert that it is unable to pay its directors' and officers' legal fees. Nor does it contend that its directors and officers will lose legal representation if a preliminary injunction is not issued. Instead, plaintiff asserts in a conclusory fashion that "[t]he failure to receive defense costs under an insurance policy at the time they are incurred constitutes an immediate and direct injury sufficient to satisfy the irreparable harm requirement." Doc. #183-1 at 22 (citations and quotation marks omitted).

The Court expressly rejected this argument when deciding CMEEC's Motion for Entry of Partial Judgment, and it does so again here. National Union has represented that it has paid CMEEC over four million dollars, which it believes "encompass[es] the reasonable and necessary fees and costs incurred in all invoices received by National Union through January 3, 2022." Doc. #229 at 9. Absent some indication that failure to receive any remaining payments before a final judgment is entered will result in some harm beyond the mere delay in payment, CMEEC has failed to establish that its injury cannot be compensated by monetary damages.

Chief Judge McMahon's decision in Stuckey is instructive

here. See Stuckey v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 15CV06639(CM), 2015 WL 5547441, at *10 (S.D.N.Y. Sept. 17, 2015). There, plaintiff moved for a preliminary injunction requiring "Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ... to ... reimburse his past defense costs and advance ongoing defense costs[.]" Id. at *1. Chief Judge McMahon denied plaintiff's motion, holding:

> [T]he evidence does not demonstrate that [plaintiff] will be financially unable to continue defending himself at least over the short term -- now that he is at least sharing the cost of his defense with National Union. National Union's reimbursement amounted to approximately half of the fees [plaintiff] incurred in the prior three years of litigation; presumably, that money can now be used to continue funding any portion of the attorneys' fees that National Union has not yet agreed to advance. In short, [plaintiff] has not brought himself within that narrow class of persons who might be able to claim an exception to the usual rule that the remedy for breach of contract is a suit for money damages, not an injunction -- and certainly not a preliminary injunction.

Id. at *10.[1] Here too, "any harm to [plaintiff from failure to advance defense costs] is compensable in money damages. As such, [plaintiff] has failed to establish that it will suffer

---

[1] Plaintiff attempts to distinguish the import of Stuckey in numerous ways. See Doc. #234 at 7-9. The lone point that plaintiff raises pertaining to the adequacy of money damages, however, is that "the Stuckey court had no occasion to consider the important public policy concerns that the WorldCom court recognized attach to the critical role that D&O insurance fills in corporate governance." Doc. #234 at 7-8. However, for the reasons described infra, at 14-15, plaintiff's general assertions as to the importance of D&O coverage to corporate governance are too speculative to show irreparable harm.

irreparable harm." 360Heros, Inc. v. Mainstreet Am. Assurance Co., No. 5:17CV00549(MAD), 2018 WL 1033283, at *7 (N.D.N.Y. Feb. 21, 2018).

The cases cited by plaintiff are not persuasive in the context of this action. Plaintiff first relies on In re WorldCom, Inc. Sec. Litig., 354 F. Supp. 2d 455 (S.D.N.Y. 2005), to support the proposition that "[t]he failure to receive defense costs when they are incurred constitutes an immediate and direct injury." In re WorldCom, Inc., 354 F. Supp. 2d at 469 (citation and quotation marks omitted). The Court expressly distinguished this case when deciding plaintiff's Motion for Entry of Partial Judgment, holding:

> In that case, however, the plaintiff moved for a preliminary injunction after defendant refused to make any payment for the advancement of the plaintiff's defense costs. See In re WorldCom, Inc. Sec. Litig., 354 F. Supp. 2d at 463. Here, defendant has represented that it has paid CMEEC over four million dollars, which it believes "encompass[es] the reasonable and necessary fees and costs incurred in all invoices received by National Union through January 3, 2022." Doc. #229 at 9. Unlike the plaintiff in In re WorldCom, Inc., CMEEC has not shown that delay in any remaining payments justifies the entry of partial final judgment under Rule 54(b). Cf. Stuckey v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 15CV06639(CM), 2015 WL 5547441, at *10 (S.D.N.Y. Sept. 17, 2015) ("[N]ow that Plaintiff is receiving some reimbursement, he is not within the class of plaintiffs who would fall within what is admittedly an exception to the usual rule that injunctions will not issue when only money is at stake.").

Doc. #241 at 18. That analysis applies with equal force to this motion, and need not be revisited.

Plaintiff next relies on XL Specialty Ins. Co. v. Level Glob. Invs., L.P., 874 F. Supp. 2d 263, 272 (S.D.N.Y. 2012), to support its argument that it will suffer irreparable harm if a preliminary injunction is not issued. There, the Court held: "The failure to receive defense costs under a professional liability policy at the time they are incurred constitutes an immediate and direct injury sufficient to satisfy the irreparable harm requirement." Id. (citation and quotation marks omitted). There, however, as in In Re WorldCom, Inc., the insurer had ceased paying plaintiff's defense costs entirely. See id. at 268. Furthermore, in that case, the Court found: "XL's termination of payment of defense costs presents an obvious risk that one or more Insureds, as a result of a sudden inability to pay legal fees, would lose his existing counsel in the middle of (and quite possibly at a key moment in) these sensitive matters." Id. at 273. Plaintiff has not suggested that any such risk is present in this case.

In sum, plaintiff has failed to show that, in the absence of a preliminary injunction, it will be unable to continue paying its directors' and officers' defense costs. Nor has it shown that its directors and officers will lose legal representation if a preliminary injunction is not issued. In light of these factors, together with the fact that National Union has advanced over $4,000,000 in defense costs to

plaintiff, the Court finds that plaintiff has failed to show that "money damages cannot provide adequate compensation[]" for its injuries. N.Y. Pathological & X-Ray Labs., Inc., 523 F.2d at 81. Because money damages would provide adequate compensation for any injuries, plaintiff has not shown the irreparable harm necessary to warrant the issuance of a preliminary injunction.

**B.     The Harm Identified by Plaintiff is Speculative**

In order to establish irreparable harm, such harm "must be shown to be actual and imminent, not remote or speculative." Kamerling, 295 F.3d at 214. Plaintiff asserts that it will suffer irreparable harm if an injunction is not issued because "any reduction in CMEEC's ability to attract and retain qualified directors and officers threatens its ability to perform its essential governmental function to Connecticut's electric ratepayers." Doc. #183-1 at 24. In an attempt to show that such harm is actual and imminent, plaintiff asserts:

> [T]he Court need look no further than the Pryor Civil Action, which Mr. Pryor filed against CMEEC only because National Union declined coverage for Indictment 2. The Pryor Civil Action remains pending against CMEEC only because National Union forced CMEEC into performing what is National Union's proper role of reviewing and paying Mr. Pryor's counsel to counsel's satisfaction, as the defense costs are incurred.

Id. at 23 (footnote omitted).

Mr. Pryor has now settled his lawsuit with CMEEC. See Pryor v. Conn. Municipal Elec. Energy Coop., 3:19CV00087(JAM), Doc.

#25 (D. Conn. Mar. 15, 2022). Plaintiff's alleged harm thus amounts to a claim that some unidentified director or officer might elect not to accept an employment opportunity at some unidentified time, if a preliminary injunction is not issued. This hypothetical harm falls far short of satisfying the requirement that injury be "actual and imminent." See Loc. 1159 of Council 4 AFSCME, AFL-CIO v. City of Bridgeport, 435 F. Supp. 3d 400, 410 (D. Conn. 2020) ("Preliminary injunctive relief cannot rest on mere hypotheticals." (citation and quotation marks omitted)).

In sum, plaintiff has established neither that any alleged harm is "actual and imminent[,]" nor that such harm cannot be compensated by monetary damages. Kamerling, 295 F.3d at 214. In the absence of such showings, plaintiff has failed to establish the irreparable harm necessary to warrant the issuance of a preliminary injunction. Accordingly, plaintiff's Motion for Preliminary Injunction [**Doc. #188**] is hereby **DENIED**.

## IV. Expedited Trial

Plaintiff additionally asserts that "National Union's purported 'dispute' about 'how much' it should pay in future Defense Costs presents no obstacle to the requested preliminary injunction but does present a compelling reason for the Court to exercise its option under Rule 65 to advance trial on the merits, as an exercise of sound judicial administration." Doc.

#183-1 at 26. Pursuant to Fed. R. Civ. P. 65(a)(2), "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."

Here, however, a hearing is not necessary to resolve the motion for preliminary injunction. See Wall v. Constr. & Gen. Laborers' Union, 80 F. App'x 714, 716 (2d Cir. 2003) (holding that an evidentiary hearing is not necessary where it would not help resolve any factual issues). Because the Court finds that a hearing is not required to resolve plaintiff's motion for preliminary injunction, plaintiff's request that the Court consolidate such a hearing with trial on the merits is denied, as moot. See id. at 717 ("Because the district court decided the motion for a preliminary injunction without conducting a hearing, the motion to consolidate became moot. The district court therefore did not abuse its discretion in denying the motion.").

### V. Conclusion

Thus, for the reasons stated, plaintiff's Motion for Preliminary Injunction [**Doc. #188**] is **DENIED**.

It is so ordered at Bridgeport, Connecticut, this 29th day of August, 2022.

                                       /s/
                                 HON. SARAH A. L. MERRIAM
                                 UNITED STATES DISTRICT JUDGE