UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT MUNICIPAL ELECTRIC ENERGY COOPERATIVE,<br><br>*Plaintiff*,<br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>*Defendant*. | Civil No. 3:19cv839 (JBA)<br><br>March 29, 2023 |

**RULING ON PLAINTIFF'S MOTION FOR FURTHER RELIEF**

In its Ruling on Plaintiff CMEEC's Motion for Partial Reconsideration, the Court entered summary judgment on Count Four of CMEEC's Complaint, which sought declaratory judgment requiring the advancement of future legal fees. (Ruling on Reconsid. [Doc. # 156] at 9-10.) Now, CMEEC seeks further relief as to Count Four, asking for a declaration that Defendant National Union is obligated to advance fees directly to the indemnified insureds' defense counsel on CMEEC's behalf, and may not force CMEEC to pay defense costs first and then have National Union review invoices and reimburse at its discretion. (Pls.' Mot. [Doc. # 261] at 2.) CMEEC further asks this Court to declare that National Union is obligated to compensate CMEEC for its payments to the Individual Insureds' defense counsel CMEEC has made since this Court entered summary judgment on Count Four. (*Id.* at 27.) National Union represents that it has and will continue to pay reasonable defense costs to CMEEC and that it is not required to pay defense counsel directly. (Def.'s Opp'n [Doc. # 262] at 22-23.) National Union also maintains its claimed rights to limit its payments to "reasonable" defense costs and argues that this Court has properly reserved disputes of what constitutes "reasonable" defense costs for trial. (*Id.* at 2-3.)

1

I. **Procedural History**

The Court assumes familiarity with the factual background of this case, as laid out in its prior rulings. (Ruling on Summ. Judgm. [Doc. # 148] and Order Granting Part. Mot. to Reconsider [Doc. # 156].) At issue here is CMEEC's Count Four, in which it sought a declaratory judgment as to National Union's future obligation to advance defense legal fees and costs related to the criminal indictments in *United States v. Rankin et al*, 18-cr-272 and *United States v. Sullivan and Rankin*, 18-cr-273 ("the Criminal Proceedings"). In October of 2021, the Court entered summary judgment for CMEEC on Count Four. (Ruling on Reconsid. [Doc. # 156] at 9.) Since that decision, CMEEC represents it has repeatedly submitted outstanding invoices from defense counsel for legal expenses to National Union, but National Union refuses to pay these invoices directly to the billing defense attorneys. (Pl.'s Mot. at 9-10, 13.) Consequently, CMEEC filed an Emergency Motion for Certification of Partial Final Judgment on Count Four under Fed. R. Civ. P. 54(b) to seek enforcement of its claim and National Union's obligation to advance legal costs. While that motion was pending, CMEEC also filed a Motion for Preliminary Injunction for the same relief. The Court denied both motions. The Rule 54(b) motion was denied because a delay in certifying final judgment on Count Four would not cause a "danger of <u>unusual</u> hardship or injustice" (Denial of Partial Final Judgm. [Doc # 241] at 14) and the Preliminary Injunction motion was denied because CMEEC had not established it was "likely to suffer irreparable harm in the absence of an injunction." (Denial of Prelim. Inj. [Doc # 250] at 9.) In both rulings, the Court concluded that subsequent monetary damages would adequately compensate CMEEC for any harm, and thus immediate relief was not justified. (*See generally* Docs. # 250 and 241.) CMEEC also moved to enforce the Count Four declaratory judgment, repeating the same arguments

underlying its prior two motions. (Pl.'s Mot. to Enforce Judgm. [Doc # 242].) The Court denied this third motion as well by text order.[1]

CMEEC now moves for Further Relief under 28 U.S.C. § 2202, as well as Fed. R. Civ. P 54(b), seeking the advancement of defense costs under the Policy based on the Court's declaratory judgment as to Count Four.

## II.    Relevant Policy Provisions

The parties' Policy includes a section entitled "Directors, Officers And Not-For-Profit Organization Liability Coverage Section One," abbreviated as the "D&O Coverage Section," (Policy [Doc. # 61-2] at 29) which has three relevant subsections—Coverage A, Coverage B and Coverage C.

The "Coverage A: Individual Insured Insurance" subsection of the D&O Coverage Section states:

> This policy shall pay on behalf of each and every **Individual Insured Loss** [2] arising from a **Claim** first made against such **Individual Insured** during the **Policy Period** or the Discovery Period (if applicable) and reported to the **Insurer** pursuant to the terms of this policy for any actual or alleged **Wrongful Act** of such **Individual Insured**, except when and to the extent that the **Organization** has indemnified the **Individual Insured**. The **Insurer** shall, in accordance with and subject to Clause 5 of this **Coverage Section**, advance **Defense Costs** of such **Claim** prior to its final disposition.

(*Id.*)

The "Coverage B: Organization Indemnification Reimbursement Insurance" subsection of the D&O Coverage Section states:

---

[1] The text order stated: "The Court has previously considered all of the arguments raised in this motion in its rulings on plaintiff's motion for entry of partial judgment and plaintiff's motion for preliminary injunction and has found the arguments unpersuasive. There is no need to repeat the analysis for a third time here. There is no enforceable judgment in place at this time for plaintiff to move to enforce. Therefore, the Motion to Enforce Judgment is DENIED." [Doc # 257.]

[2] The Policy uses bold font for defined terms.

3

> This policy shall pay on behalf the **OrganizationLoss** arising from a **Claim** first made against an **Individual Insured** during the **Policy Period** or the **Discovery Period** (if applicable) and reported to the **Insurer** pursuant to the terms of this policy for any actual or alleged **Wrongful Act** of such **Individual Insured**, but only when and to the extent that the **Organization** has indemnified such **Individual Insured** for such **Loss** pursuant to law, common or statutory, or contract, or the Charter or By-laws of the **Organization**, duly effective under such law which determines and defines such rights of indemnity. The **Insurer** shall, in accordance with and subject to Clause 5 of this **Coverage Section**, advance **Defense Costs** of such **Claim** prior to its final disposition.

(*Id.*)

The "Coverage C: Organization Entity Coverage" subsection of the D&O Coverage Section states:

> This policy shall pay on behalf of the **Organization Loss** arising from a **Claim** first made against the **Organization** during the **Policy Period** or the **Discovery Period** (if applicable) and reported to the **Insurer** pursuant to the terms of this policy for any actual or alleged **Wrongful Act** of the **Organization**. The **Insurer** shall, in accordance with and subject to Clause 5 of this **Coverage Section**, advance **Defense Costs** of such **Claim** prior to its final disposition.

(*Id.*)

A "**Loss**" under the policy includes "**Defense Costs**," defined as "reasonable and necessary fees, costs and expenses consented to by the Insurer." (Policy at 12, 30.)

Clause 5, as amended in Endorsement 11, sets out the advancement of **Defense Costs**:

> The **Insurer** does not assume any duty to defend. The **Insureds** shall defend and contest any claim against them.
>
> Notwithstanding the foregoing, the **Insureds** shall have the right to tender the defense of the **Claim** to the **Insurer**, which right shall be exercised in writing by the **Named Organization** on behalf of all **Insureds** to the **Insurer** pursuant to the notice provisions of Clause 7 of the General Terms and Conditions. . . .
>
> When the **Insurer** has not assumed the defense of a **Claim** pursuant to this Clause 5, the **Insurer** nevertheless shall advance, at the written request of the **Insured**, **Defense Costs** prior to the final disposition of a **Claim**. Such advanced payments by the **Insurer** shall be repaid to the **Insurer** by each and every **Insured** or the **Organization**, severally according to their respective interests, in the event and to the extent that any such **Insured** or the

4

> **Organization** shall not be entitled under the terms and conditions of this D&O Coverage Section to payment of such **Loss**. . . .
>
> [T]he **Insured** shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment, or incur any **Defense Costs** without the prior written consent of the **Insurer**. . . . Only those settlements, stipulated judgments and **Defense Costs** which have been consented to by the **Insurer** shall be recoverable as **Loss** under the terms of this D&O Coverage Section. The **Insurer** shall not unreasonably withhold any consent required under this D&O Coverage Section, provided that the **Insurer**, when it has not assumed the defense of a **Claim** pursuant to this Clause 5, shall be entitled to effectively associate in the defense and the negotiation of any settlement of any **Claim**, and provided further that in all events the **Insurer** may withhold consent to any settlement, stipulated judgment or **Defense Costs**, or any portion thereof, to the extent such **Loss** is not covered under the terms of this D&O Coverage Section.

(*Id.* at 77.)

### III. Legal Discussion

#### A. Relief Under the Declaratory Judgment Act and Rule 54(b)

CMEEC explains that because this Court never reached the merits of any of the three prior motions concerning National Union's advancement obligations, it believes it is proper for it to move for Further Relief under 28 U.S.C. § 2202, as well as Fed. R. Civ. P. 54(b). (Pl.'s Mot. at 12.) CMEEC argues that, unlike the prior bases for similar relief which have already been denied, the instant motion does not require a finding of "unusual" hardship or irreparable harm" or the pre-existence of a final appealable judgment on Count Four, and thus this Court can now reach the merits of the dispute. (*Id.*)

CMEEC argues that Rule 54(b) affords authority for further relief, because it provides in relevant part that "[w]hen an action presents more than one claim for relief . . . . any order or decision, however designated . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims," unless the court has certified that decision as a final judgment, and here, the Court declined to certify the judgment on Count Four as a final judgment. (Pl.'s Mot. at 15.)

5

Section 2202 of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." Such further relief under § 2202 may include a declaration. *See, e.g.*, *Chesapeake Energy Corp. v. Bank of New York Mellon,* No. 13 Civ. 1582 (PAE), 2015 WL 4191419, *6 (S.D.N.Y. July 10, 2015), *aff'd*, 837 F.3d 146 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1815 (2017). Further, relief under § 2202 "may take the form of equitable or legal relief, and may include monetary damages." (*Id.*, citing *Fred Ahlert Music Corp. v. Warner Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998)).

National Union correctly points out that CMEEC "makes no effort to connect Rule 54(b) with the relief it requests in this Motion." (Def.'s Opp'n at 11.) Indeed, CMEEC does not appear to be seeking any change in the Court's earlier decision in regard to Count Four, but is instead seeking relief which it says is necessary to enforce that earlier decision. Thus, Section 2202, not Rule 54(b), is the appropriate vehicle for the relief CMEEC is seeking. Section 2202 "clearly anticipates ancillary or subsequent coercion to make an original declaratory judgment effective." *Horn & Hardart Co. v. Nat'l Rail Passenger Corp*., 843 F.2d 546, 548 (D.C. Cir. 1988). CMEEC is seeking further relief to ensure compliance with what it claims is Defendant's obligation determined in the Court's Ruling on Reconsideration. If CMEEC is correct that Defendant must advance legal fees directly to defense counsel and "avoid the accrual of avoidable damages," then this is a permissible basis for relief under the Declaratory Judgment Act. *Wheelabrator Env't Sys., Inc. v. Galante*, No. 3:97CV01040(AVC), 2000 WL 863029, at *11 (D. Conn. Mar. 31, 2000). While National Union repeatedly states that the Court has already preserved this issue for trial, this is not entirely accurate. While it is true that the Court preserved the issue of reasonableness of defense fees for trial on Plaintiff's claim for breach of contract, (Ruling on Summ. Judgm. [Doc. # 148] at 29-32), that is a separate issue from National Union's advancement obligations following the Court's

Ruling on Reconsideration [Doc. # 156]. This motion is about National Union's purported failure to comply with the Court's summary judgment regarding future advancement of legal fees that result from criminal proceedings against CMEEC's directors and officers (Ruling on Reconsid. at 2.) This declaratory relief, if meritorious, is available to CMEEC under Section 2202.

**B.    Merits**

  **1.    National Union's Advancement Obligations to Contemporaneously Reimburse CMEEC**

National Union argues that its advancement obligation based on the Court's prior order only requires it to reimburse CMEEC for reasonable defense costs that CMEEC has paid to the Individual Insured's defense attorneys (Def.'s Opp'n at 2), and insists that it only need advance payments under Coverage B "[w]hen and to the extent that [CMEEC] satisfies its obligations to indemnify" the Individual Insureds by first paying the defense invoices. (*Id*. at 17.) CMEEC insists National Union is obligated to pay the bills incurred by the Individual Insureds directly and without using Plaintiff as the "middleman." (Pl.'s Mot. at 17-18.)

CMEEC reads Coverage B as requiring National Union to advance defense costs on behalf of CMEEC directly to the Individual Insureds or to their law firms and other vendors that issue invoices for defense costs, as those costs are incurred. (*Id.* at 17.) CMEEC argues that the D&O policy's advancement of defense costs provision "prior to the final disposition" of a claim requires the insurer to make contemporaneous advancement payments as costs are incurred. (*Id.*, citing *In re WorldCom, Inc. Sec. Litig*., 354 F. Supp. 2d 455, 466 (S.D.N.Y. 2005)).

CMEEC is correct that the language of the Policy is consistent with a contemporaneous obligation of the insurer to advance payment. *See Wang v. National Union Fire Ins. Company of Pittsburgh, Pa*., No. 2:10-cv-3146-RMG, 2012 WL 12898226, *3 (D.S.C. Feb. 9, 2012) (D&O policy providing for advancement of Defense Costs prior to the final

7

disposition of a claim obligated National Union "to make interim and contemporaneous advancements for defense costs."). This is consistent with the purpose of a D&O policy. *See Aspen Ins. UK, Ltd. v. Fiserv, Inc.*, No. 09-CV-02770-CMA-CBS, 2010 WL 5129529, at *7 (D. Colo. Dec. 9, 2010). ("The Policy itself is silent as to the time frame for the advancement of defense costs. The Policy simply states that costs shall be advanced 'at the written request of the Insured . . . prior to the final disposition of the Claim.' While the Policy may be silent regarding timing, the Policy's purpose is clear—companies such as Defendants purchase professional liability policies to limit the financial damage that they could incur defending against claims arising from the provision of professional services and, especially, to limit financial damage from such claims that ultimately are proven to lack merit.").

However, CMEEC fails to show that the contemporaneous payments advanced by National Union must be made directly to defense counsel, as opposed to through reimbursement payments by National Union to CMEEC. National Union contends that CMEEC's bylaws require it to indemnify the indicted individuals, and that CMEEC may not avoid that obligation by shifting it onto National Union. (Def.'s Opp'n at 14-17.) Apart from what National Union's obligation is, CMEEC still has an obligation to indemnify its officers and directors.[3] As such, the appropriate understanding of National Union's advancement obligation is that National Union is required to contemporaneously advance defense costs to CMEEC in reimbursement of the bills CMEEC is paying for the insureds' criminal defense prior to final disposition of these criminal cases.[4]

---

[3] CMEEC's bylaws state that officers and directors "shall be indemnified and held harmless[.]" (Mot. at 21; CMEEC Bylaws [Doc. # 61-3] at 97-98.)

[4] This is consistent with National Union's payments leading up to the briefing on this motion. National Union is not seeking to withhold reimbursements until the underlying criminal proceedings conclude—to the contrary, National has provided contemporaneous reimbursements, sending payments to CMEEC on 12/20/21, 4/6/22, 6/2/22, 8/24/22, 10/13/22, and 12/21/22. (Roberts Decl. [Doc. # 262-1].) Nothing suggests that this payment schedule undermines CMEEC's purpose in seeking a D&O Policy "to limit the financial damage that they could incur defending against claims arising from the provision of professional services[.]" *Aspen*, 2010 WL 5129529, at *7.

### 2.      Disputes over Reasonableness

CMEEC argues that National Union may not assert the potential unreasonableness of certain defense fees as a basis to avoid making ongoing payments. (Pl.'s Mot. at 25.) According to CMEEC, if National Union takes issue with certain charges by defense counsel, it is "National Union's obligation, not CMEEC's, to address with the indicted individuals' defense firms." (*Id.*)

National Union argues that reasonableness is a prerequisite to its obligation to pay for defense costs, as the Policy expressly defines "Defense Costs" as "reasonable and necessary fees, costs and expenses consented to by the Insurer[.]" (Def.'s Opp'n at 20, Policy at 12.) While the Court previously stated that lack of consent was not a defense to payment where National Union had improperly disclaimed its obligation to cover defense costs (Ruling on Reconsid. at 8-9), it refused to overlook the "reasonable and necessary" component of "Defense Costs," and held that non-payment of fees by National Union alleged to be in breach of contract could be defended by National Union's expert at trial as to "reasonableness" of fees paid. (Ruling on Summ. Judgm. at 30-32.)

CMEEC notes that its own bylaws only require indemnification and advancement of "reasonable" fees. (*Id.*, citing [Doc. # 61-3] at 97.) CMEEC laments its status as a "middleman" which must scrutinize defense costs and make payments based on its own analysis of "reasonableness," only to then have National Union second guess CMEEC's assessment and apply its views of "reasonableness." (Pl.'s Mot. at 2-3.) But if a bill from defense counsel is in fact not "reasonable or necessary," it is not a "Loss" under the Policy (Policy at 12, 30), and National Union would have no obligation to reimburse CMEEC. This is consistent with this Court's prior conclusion that National Union is permitted "to withhold advance payment of defense costs if such costs are not covered under the Policy." (Ruling on Summ. Judgm. at 17.) To the extent that National Union refuses to pay certain bills on the basis that they are

unreasonable, and CMEEC disputes National Union's characterization of unreasonableness, this is a fact-intensive issue that is reserved for trial.

### 3. Alternative Relief Sought

CMEEC asks this Court to enter an order "requiring National Union to reimburse CMEEC, in full, as to each such defense invoice immediately after CMEEC has paid the invoice." (Pl.'s Mot. at 26.) While contemporaneous reimbursement is required, bills not paid "in full" will be adjudicated at trial as discussed above.

CMEEC also requests a declaration and order that National Union reimburse CMEEC "immediately and in full for the payments CMEEC has already made on each and every criminal defense invoice incurred after the Court issued the declaratory judgment on Count Four." (Pl.'s Mot. at 27.) National Union represents that it has paid, and continues to pay, the "reasonable and necessary" defense costs submitted, and the policy has no other specific time requirements other than the implied duty of good faith. (Def.'s Opp'n at 2; Roberts Decl. [Doc. # 262-1].) Thus, the dispute over the reasonableness and necessity of these already-incurred fees is left for trial, as is the record of Defendant's timeliness in making interim and contemporaneous payments.

## IV. Conclusion

For the foregoing reasons, Plaintiffs Motion for Further Relief [Doc. #261] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of March, 2023