UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT MUNICIPAL ELECTRIC ENERGY COOPERATIVE,<br><br>*Plaintiff*,<br><br>*v.*<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br><br>*Defendant*. | Civil No. 3:19cv839 (JBA)<br><br><br>June 23, 2023 |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff moves for reconsideration [Doc. # 268] of this Court's Ruling [Doc. # 266] on Plaintiff's Motion for Further Relief [Doc. # 261]. CMEEC argues that this Court committed a "clear error of law in its rational and conclusion that the appropriate understanding of National Union's advancement obligation is that National Union need not pay the defense invoices directly but may instead require CMEEC to pay them first and then apply to National Union for reimbursement to the extent the amounts are deemed reasonable by National Union." (Pls.' Memo [Doc. # 268-1] at 2.) Defendant opposes reconsideration [Doc. # 269].[1]

---

[1] CMEEC also seeks reconsideration of the Court's administrative dismissal of the case until the conclusion of the underlying criminal proceedings "as may be necessary to enable the Court to reconsider its Ruling…." (Mot. at 2.) However, CMEEC makes no argument supporting the propriety of reconsidering administrative dismissal. *United States v. Sullivan and Rankin*, 18-cr-273 is currently stayed pending resolution of Defendants' appeals of the judgments in *United States v. Rankin et al*, 18-cr-272. *See United States v. Sullivan and Rankin*, 18-cr-273, Initial Pre-Trial Scheduling Order [Doc. # 147] (June 2, 2023). This case remains administratively closed pending the resolution of these criminal proceedings.

1

The Court assumes familiarity with the factual background of this case. (*See* Ruling on Pls.' Mot. for Further Relief.)

**I.      Legal Standard**

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motion. Such motions will generally be denied unless the movant can point to controlling decisions or data that the Court overlooked in the initial decision or order." Conn. L. Civ. R. 7(c)(1). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

**II.     Discussion**

Plaintiff points to a list of legal arguments in the briefing on its Motion for Further Relief which it says this Court failed to address in its ruling. (Pls.' Memo. at 5-16.) But reconsideration "is not a vehicle for relitigating old issues," *Sequa*, 156 F.3d at 144, which is what CMEEC seeks to do here. As National Union notes, these arguments were "previously considered and disregarded." (Defs.' Opp'n at 12.)  As noted in the ruling, "CMEEC fails to show that the contemporaneous payments advanced by National Union must be made directly to defense counsel, as opposed to through reimbursement payments by National Union to CMEEC." (Ruling at 8.) While CMEEC may disagree with the Court's ruling, disagreement is not a basis for reconsideration.

CMEEC places great emphasis in its motion on the issue of CMEEC's by-laws, arguing that the Court erred in citing CMEEC's by-law obligations to indemnify its officers when

2

considering National Union's obligations, as the by-laws are outside the four corners of the Policy and thus ought not be considered.[2] (Pls.' Memo. at 7.) National Union argued in its opposition to the Motion for Further Relief that CMEEC's proposed interpretation would impermissibly shift the burden of its by-laws onto National Union. ([Doc. # 262] at 16-17.) In replying to this argument, CMEEC did not raise any objection that National Union was impermissibly looking beyond the four corners of the Policy. (*See* Pls.' Reply [Doc. # 263] at 8-9.) CMEEC may not use the motion for reconsideration to present this new theory after failing to make this argument in its Reply. *Sequa*, 156 F.3d at 144.

CMEEC also argues that the Court erred in holding that disputes over reasonableness of defense costs are fact-intensive and should be reserved for trial. (Pls.' Memo. at 13.) Here too, CMEEC fails to point to any valid basis for reconsideration. This Court has already held that National Union's expert may testify at trial regarding reasonableness of fees (Order on Summ. Judgm. [Doc. # 148] at 30-32), and that if a bill from defense counsel is in fact not "reasonable or necessary," it is not a "Loss" under the Policy. (Ruling at 9.) CMEEC fails to raise appropriate grounds to reconsider this holding.

### III.  Conclusion

For the reasons given above, Plaintiff's motion for reconsideration [Doc. # 268] is DENIED.

---

[2] CMEEC's by-law obligations to indemnify its officers are now the subject of a separate civil case in this district. *See Drew Rankin v. Connecticut Municipal Electric Energy Cooperative*, 3:23-cv-00805 (MPS).

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of June, 2023